IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LISA FORTMULLER,

     Plaintiff,               No. 2:11-cv-00950 KJM KJN PS

     v.

WELLS FARGO Aka Wahovia [*sic*] Mortgage a division of Wells Fargo formerly World Savings; DOES 1 to 5,

     Defendants.             <u>ORDER</u>

/

On April 8, 2011, defendant removed this case to federal court from the Superior Court of California for the County of Placer ("Superior Court"). (Notice of Removal, Dkt. No. 1.) Defendant's removal does not conform with the federal removal statute in that it attaches a complaint and other documents that do not relate to the case actually removed from the Superior Court. Accordingly, the undersigned orders defendant to supplement its notice of removal.

Pursuant to 28 U.S.C. § 1446(a), a defendant seeking to remove an action to federal court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in*

1

*such action*" (emphasis added).

Here, defendant's notice of removal alleges that the Superior Court action at issue was filed in the Superior Court on March 10, 2011, and proceeded under case number "SCV0028870." (Notice of Removal at 1-2.) It further purports to attach the underlying complaint as Exhibit A. (Id. at 2.) However, defendant's notice of removal does not attach the proper complaint as Exhibit A. Whereas the present case allegedly pertains to the matter of <u>Lisa Fortmuller v. Wells Fargo</u>, Superior Court case number SCV0028870, the complaint actually appended to the notice of removal concerns the matter of <u>Bryn Fortmuller v. Wells Fargo</u>, which proceeded as Superior Court case number SCV0028869. (<u>See</u> Notice of Removal, Ex. A.) The summons and Civil Case Cover Sheet appended to defendant's notice of removal suffer from the same defect. (<u>See</u> <u>id.</u>, Ex. B.) Defendant has not complied with 28 U.S.C. § 1446(a) because none of the documents attached to the notice of removal actually relates to the action that defendant removed to this court and that proceeds before the undersigned.[1]

Accordingly, IT IS HEREBY ORDERED that within seven (7) days of the date of this order, defendant shall file with the court and serve upon plaintiff a supplement to the notice of removal that appends the complaint and related documents that actually relate to the case pending before the undersigned.

IT IS SO ORDERED.

DATED: April 12, 2011

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] On April 8, 2011, defendant also removed, through the same counsel, the matter of <u>Bryn Fortmuller v. Wells Fargo</u> to this court, and that matter proceeds under case number 2:11-cv-00948 JAM DAD PS (E.D. Cal.). The notice of removal in that action indicates that it relates to Superior Court case number SCV0028869. To the extent that these two cases are related, defendant's counsel has not yet fulfilled his duty to file a notice of related case. <u>See</u> E. Dist. Local Rule 123 ("Counsel who has reason to believe that an action on file or about to be filed may be related to another action on file (whether or not dismissed or otherwise terminated) shall promptly file in each action and serve on all parties in each action a Notice of Related Cases.").